UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CLARENCE BOLDEN** | **CIVIL ACTION NO. 22-06070** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF SAMMY BYRD, ET AL.** | **MAG. JUDGE KAYLA MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned is a motion for either a temporary restraining order, a preliminary injunction, or both. [doc. # 1], filed by Plaintiff Clarence Bolden, a former prisoner at Caldwell Correctional Center ("CCC"). Plaintiff seeks injunctive relief against officials at CCC to provide, amongst other things, Covid tests, a duty doctor or nurse, sanitation of bedding, soap and new masks, sanitation chemicals, and to compel social distancing.

However, Plaintiff has been incarcerated at Bayou Dorcheat Correctional Center in Webster Parish since some time prior to filing this proceeding [doc. #1-3]. Notably, his documents were mailed from that address. Accordingly, it is recommended that his request for a TRO and/or a preliminary injunction be denied as MOOT.

### Background

Plaintiff recounts events that allegedly took place in 2020 resulted in the exposure of inmates to the COVID-19 virus. In addition to seeking damages, he requests an "immediate [TRO] and/or preliminary injunction" allowing all inmates to be tested if they think they have been exposed to COVID and requiring that CCC place a doctor, nurse, or EMT on active duty; sanitize all bed linens; provide inmates with anti-bacterial soap and new face masks; provide

bleach and/or other chemicals; and compel all inmates to socially distance.

## Law and Analysis

As above, Plaintiff is no longer confined in CCC. Thus, the Court should deny his requests for temporary and preliminary injunctive relief as moot.[1] See *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (determining that an inmate's transfer to a different unit rendered claims for declaratory and injunctive relief relating to environmental conditions at the original unit moot); see also *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.").

Even assuming Plaintiff's motion is not moot, the Court should deny it. A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Further, under Federal Rule of Civil Procedure 65(b), a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable

---

[1] Plaintiff does not allege or suggest that there is a reasonable, demonstrable probability that he will be transferred back to CCC. See *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Plaintiff is not entitled to a TRO because he does not allege that he *will* suffer immediate, irreparable injury before defendants can be heard. Likewise, Plaintiff does not meet his exacting burden of demonstrating that he is entitled to a preliminary injunction. He does not claim that there is a substantial threat that failure to grant the injunction *will* result in irreparable injury.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Clarence Bolden's motion, [doc. # 1], be **DENIED**.

**The Clerk of Court is instructed to update Plaintiff's address consistent with that provided on the envelope with his initial filing and to re-send all documents in this case to Plaintiff at that address.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of December, 2022.

                                                                            */s/ Kayla Dye McClusky*
                                                                            KAYLA DYE MCCLUSKY
                                                                            UNITED STATES MAGISTRATE JUDGE